KRISTEN NELSON (24094867)
KATHRYN LEE BOYD (*PRO HAC VICE FORTHCOMING*)
THEODOR BRUENING (admitted *pro hac vice*)
HECHT PARTNERS LLP
6420 Wilshire Boulevard, 14th Floor
Los Angeles, CA 90048

*Attorneys for Plaintiff Özdurak Tekstil Sanayi ve Ticaret AS*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

MCALLEN DIVISION

| | |
|---|---|
| ÖZDURAK TEKSTIL SANAYI VE TICARET AS, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A. a United States Corporation, SM GLOBAL COMPANY LLC, a Texas corporation, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 7:21-cv-00453<br><br>**SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ÖZDURAK TEKSTIL SANAYI VE TICARET AS, hereinafter, ("Ozdurak" or "Plaintiff") for its Complaint (the "Complaint") against the Defendants listed below alleges as follows:

## NATURE OF THE ACTION

1. This is an action under fraud in which unknown individuals impersonated a vendor of Plaintiff and induced Plaintiff to transmit substantial funds to an account held by SM Global Company LLC. The funds remain in that account to this day and Plaintiff now seeks the return of the funds.

## JURISDICTION

2. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the dispute is between a foreign entity, an entity in California, and an entity registered in Texas. The amount in controversy exceeds $75,000.

## VENUE

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial number of the events giving rise to this action occurred in this District, and also under 18 U.S.C. § 1965(b).

## PARTIES

4. Plaintiff Ozdurak is a foreign corporation established under the laws of Turkey. It conducts business internationally, including in the United States.

5. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national banking institution with its principal place of business at 1111 Polaris Parkway, Columbus, Ohio 43240.

6. Plaintiff is informed by Chase that Defendant SM Global Company LLC ("SMG"), is the owner of the Chase account 701083179, located at a Chase branch in McAllen, Texas (the "Account"). SMG is registered with the Texas Comptroller of Public Accounts with the taxpayer ID# 32077667718. Its file number with the Texas Secretary of State is 0803923104.

SMG was formed on February 2, 2021. It has a registered agent with the Texas Secretary of State called "Registered Agents Inc." located at 5900 Balcones Drive Ste 100, Austin, TX 78731. That is also SMG's mailing address according to the Texas Secretary of State website. In addition, Plaintiff has learned that the following is the address for SMG: 805 Treyson Dr., San Juan, TX 78589. Upon information and belief, SMG appears to have no business function, online presence, staff, or office, and appears to be a shell company.

7. DOES 1-10 (collectively with SMG the "Fraud Defendants") are the owners and/or operators of SMG.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. Plaintiff is a company engaged in the business of importing/exporting cotton material to manufacture cotton products. Plaintiff purchases products from vendors located throughout the world. Among those is non-party Vittera BV ("Viterra"), a Dutch company owned by non-party Glencore. Vittera provides Plaintiff with American cotton.

9. Purchasing cotton from Viterra has been part of Plaintiff's business for many years, and Ozdurak maintained the same purchase protocol with Vittera as it has done for years. After submitting a purchase order, it is the customary practice of Viterra to invoice Ozdurak for that order, at which point Ozdurak processes a wire payment as directed by Viterra.

10. On or about October 28, 2020, Ozdurak placed an order with Viterra for raw US cotton for delivery to Turkey (the "Order").

11. After placing the Order, Ozdurak received various emails purporting to come from Viterra (the "Emails"). The Emails contained invoices stating that payment should be wired to the Account. Acting this information, Ozdurak wired $664,285.92 (the "Funds") to the Account on March 16, 2021. On or around May 3, 2021, Ozdurak received an "Authorization Letter for Payment" stating again that payment should be made to the Account.

12. Almost immediately after sending the Funds, Ozdurak learned no Viterra employee or representative had sent the Emails or the Authorization Letter for Payment. In other words, Ozdurak had been induced to transfer the Funds under false pretenses upon which Ozdurak relied.

13. Subsequently, Plaintiff learned that Viterra did not have any Chase account open in McAllen, Texas. It was therefore apparent that the Emails, invoices, and Authorization Letter for Payment were part of fraudulent and criminal scheme to induce Ozdurak to wire the Funds to the Account; the Fraud Defendants clearly had the intention to abscond with the Funds once the wire was received in the Account.

14. Thereafter, Ozdurak notified its Turkish bank which had submitted the wire, Chase, and Turkish and US federal authorities of the fraud.

15. As of the date herein, Chase has not released the fraudulently acquired funds to Plaintiff Ozdurak and the same remain in the Account as described herein.

16. Plaintiff has conferred with Chase's counsel concerning the return of the Funds. Chase has indicated that its internal procedures require a court order or judgment to return the Funds. Therefore, Plaintiff now *inter alia* seeks an order of the Court to order the release and return of the Funds to Plaintiff.

## FIRST CLAIM FOR RELIEF

## REQUEST FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

### (Against Defendant JPMORGAN CHASE BANK, N.A.)

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. An actual controversy exists between Plaintiff and Chase relating to the Funds in the Account. The controversy concerns Plaintiff's right to the Funds and Chase's ability to return the Funds to Plaintiff.

19. Plaintiff maintains that it is entitled to the Funds. Chase maintains that it cannot transfer the Funds to Plaintiff without a court order or judgment directing it to do so.

20. Plaintiff requests that this Court issue temporary and permanent injunctive relief prohibiting Chase from taking any action to transfer the right, title, interest or possession of the Funds during the pendency of these proceedings to the Fraud Defendants or any party or entity other than Plaintiff.

21. The facts outlined above show that it is desirable to maintain the status quo pending the determination of the merits of the claims in this lawsuit. Plaintiff has several viable causes of action against the Fraud Defendants, including fraud and conversion. Plaintiff is also likely to succeed on the merits of the case; there is no doubt that SMG is not controlled or owned by Viterra. There is a real danger that the Fraud Defendants will attempt to abscond with the Funds if Chase were permitted to release the Funds to them, since, *inter alia*, (a) the Fraud Defendants have falsely and intentionally impersonated Viterra, and (b) SMG has only recently been incorporated and appears to have no business function, website, staff, or office, and appears to be a shell. Failure to grant the injunction would therefore irreparably harm Plaintiff. The danger of this harm is probable, imminent, and irreparable. The balance of the equities thus tips in favor of granting the injunction. There is no public interest against granting the injunction.

22. The facts outlined above show that a permanent injunction is appropriate. Plaintiff has shown that SMG committed a wrongful act, *viz.* fraud and conversion. Imminent harm to Plaintiff would occur if the Fraud Defendants were permitted to access the Funds; this harm would constitute irreparable injury. Plaintiff has no adequate remedy at law.

23. Plaintiff is entitled to temporary and permanent injunctive relief preventing the movement of the Funds pending the outcome of this lawsuit.

## SECOND CLAIM FOR RELIEF

## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201, 2202

**(Against Defendant JPMORGAN CHASE BANK, N.A.)**

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. An actual justiciable controversy exists between Plaintiff and Chase relating to the Funds in the Account. The controversy concerns Plaintiff's right to the Funds and the return of the same.

26. Plaintiff maintains that it is entitled to the Funds. Chase maintains that it cannot transfer the Funds to Plaintiff without a court order or judgment directing it to do so.

27. This controversy will be resolved by a declaration directing Chase to return the Funds to Plaintiff.

28. A judicial declaration is necessary and appropriate at this time under the circumstances to return the Funds to Plaintiff and to remedy SMG and the Fraud Defendants' deceit and attempted theft.

29. Therefore, Plaintiff is entitled to a declaration that the Funds belong to it and that the Funds should be returned to Plaintiff.

## THIRD CLAIM FOR RELIEF

## FRAUD

**(Against SM GLOBAL COMPANY LLC and Does 1-10, Inclusive)**

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. The Fraud Defendants and/or their agents have misrepresented, omitted, and/or concealed material facts in directing Plaintiff to make a wire to a bank account that had nothing to do with Viterra. The Fraud Defendants' false representations of fact impersonating Viterra are

detailed above. These false representations of fact include but are not limited to (1) their claim that payment to the Account is for the cotton that Plaintiff purchased from Viterra; (2) their claim that they were Viterra, the beneficial owner of the Account, (3) the Fraud Defendants' introduction of false documents and representations via email, and (4) their claim that the Emails were sent by managers and/or employees of Viterra or Viterra-related companies, when they were not. The Fraud Defendants' actions also constitute criminal wire fraud under 18 U.S.C. § 1341.

32. The Fraud Defendants made these false representations and statements to Plaintiff knowing that their representations were materially false and/or omissions were material at the time when the representations and/or omissions were made.

33. The Fraud Defendants made the representations and/or omissions of fact with the intent that Plaintiff rely on them. The Fraud Defendants made these false representations and/or omissions to Plaintiff Ozdurak to mislead Ozdurak to wire the Funds to the Account so that the Fraud Defendants could abscond with the Funds.

34. These false representations and/or omissions were in fact relied on Plaintiff Ozdurak causing it to wire the Funds to the Account.

35. Ozdurak has been substantially harmed as a result of the Fraud Defendants' fraudulent conduct in the amount of at least $664,285.92.

36. Plaintiff's reliance on the false representations was a substantial factor in causing the harm to Plaintiff.

37. The Fraud Defendants are guilty of recklessness, oppression, fraud, and malice. Therefore, Ozdurak is entitled to punitive damages against each of them.

## FOURTH CLAIM FOR RELIEF

## UNJUST ENRICHMENT

### (Against SM GLOBAL COMPANY LLC and Does 1-10, Inclusive)

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

39. The Fraud Defendants misappropriated the Funds and thus received a benefit that they would not have received but for their tortious, criminal, and fraudulent conduct.

40. The Fraud Defendants have caused Plaintiff to be deprived of over $664,285.92 of Plaintiff's operating capital that Plaintiff needs to conduct its business. Thus, the Fraud Defendants have obtained Plaintiff's money through their tortious, illegal, and fraudulent conduct.

41. Principles of equity require that this Court prevent the Fraud Defendants from enjoying the benefit of stealing from and deceiving Plaintiff. The Fraud Defendants wrongfully secured a benefit by fraud; it would be unconscionable for them to retain the benefit. The Fraud Defendants have an obligation implied by law to restore the benefits to Plaintiff.

42. Because of the Fraud Defendants' fraudulent activity, they have been unjustly enriched to the detriment of Ozdurak in an amount of at least $664,285.92.

43. The Fraud Defendants are guilty of recklessness, oppression, fraud, and malice. Therefore, Ozdurak is entitled to punitive damages against each of them.

## FIFTH CLAIM FOR RELIEF

## INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

### (Against SM GLOBAL COMPANY LLC and Does 1-10, Inclusive)

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Plaintiff had an existing contractual business relationship with Vittera.

46. The Fraud Defendants at all times were aware of the business and contractual relationship between Vittera and Ozdurak.

47. The Fraud Defendants deliberately, willfully, intentionally, and by wrongful means interfered in the relationship between Plaintiff and Vittera. The Emails, fraudulent invoices, and the fraudulent Authorization Letter for Payment were part of an intricate fraudulent and criminal scheme involving electronic communication timed to appear credible and to induce Ozdurak to wire the Funds to the Account under false pretenses.

48. By their fraudulent activity, the Fraud Defendants have proximately caused harm to Plaintiff's business operations, and its ability to service its vendors, and perform its obligations in a timely manner, including its obligations with Vittera.

49. Because of the Fraud Defendants' fraudulent conduct, Ozdurak suffered actual harm in that it lost significant operating capital and experienced disruption in its operations and damages of at least $664,285.92.

50. The Fraud Defendants are guilty of recklessness, oppression, fraud, and malice. An award of punitive and exemplary damages is justified.

## SIXTH CLAIM FOR RELIEF

## CIVIL CONSPIRACY

### (Against SM GLOBAL COMPANY LLC and Does 1-10, Inclusive)

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. At all relevant times herein, the Fraud Defendants were the owners and operators of the Account, and all of them formed a civil conspiracy to misappropriate the Funds from Plaintiff Ozdurak through the use of fraud and other unlawful acts. The Fraud Defendants reached a meeting of the minds to execute the fraudulent scheme. The Fraud Defendants then executed their fraudulent and unlawful scheme as outlined above.

53. The Fraud Defendants are thus responsible for the harm suffered by Plaintiff.

54. As a direct and proximate result of the Fraud Defendants' conspiracy, Ozdurak has been damaged in that it lost at least $664,285.92.

55. The Fraud Defendants are guilty of recklessness, oppression, fraud, and malice. An award of punitive and exemplary damages is justified.

## SEVENTH CLAIM FOR RELIEF

## CONVERSION

### (Against SM GLOBAL COMPANY LLC and Does 1-10, Inclusive)

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. At all relevant times herein, the Funds belonged to Plaintiff.

58. The Fraud Defendants converted the Funds by wrongful means including but not limited to the use of fraud, deceit, and subterfuge as outlined above. The Fraud Defendants thus unlawfully exercised dominion and control over the Funds, inconsistent with Plaintiff's right to the Funds.

59. As a direct result of the Fraud Defendants' conversion, Ozdurak has been damaged in that it lost at least $664,285.92.

60. The Fraud Defendants are guilty of recklessness, oppression, fraud, and malice. An award of punitive and exemplary damages is justified

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That Plaintiff be awarded a temporary and preliminary injunction prohibiting Chase from transferring the Funds in the Account to any party other than Plaintiff pending the outcome of this lawsuit;

B. That Plaintiff be awarded declaratory judgment stating that the Funds belong to Plaintiff and that Chase must return them to Plaintiff;

C. That Plaintiff be awarded compensatory damages in an amount to be proven at trial;

D. That Plaintiff be awarded punitive damages;

E. That Plaintiff be awarded restitution, including the amount of the unjust benefit received by the Fraud Defendants, in an amount to be proven at trial;

F. That Plaintiff be awarded, to the extent allowed by law, pre-judgment and post-judgment interest; and

G. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: January 28, 2022
New York, New York

Respectfully submitted,

HECHT PARTNERS LLP

*/s/ Theodor Bruening*
THEODOR BRUENING (admitted *pro hac vice*)

KATHRYN LEE BOYD (*PRO HAC VICE FORTHCOMING*)

KRISTEN NELSON (24094867)
6420 Wilshire Boulevard, 14th Floor
Los Angeles, CA 90048

*Counsel for Plaintiff Özdurak Tekstil Sanayi ve Ticaret AS*