United States District Court
Southern District of Texas
**ENTERED**
March 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ÖZDURAK TEKSTIL SANAYI VE TICARET AS, § § § | |
| Plaintiff, § § | |
| VS. § § | CIVIL ACTION NO. 7:21-cv-00453 |
| JPMORGAN CHASE BANK, N.A.; SM GLOBAL COMPANY LLC; and DOES 1–10, § § § § | |
| Defendants. § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Motion for Entry of Default,"[1] and "Plaintiff's Response to the Court's Order of March 2, 2022."[2] Plaintiff initiated this case in November 2021,[3] misnamed a Defendant,[4] corrected the problem with an amended complaint,[5] purported to demonstrate this Court's jurisdiction over this case and Defendants[6] pursuant to the Court's order to do so,[7] and now seeks the clerk's entry of default.[8] The Court first turns to the issue of jurisdiction.

### I. JURISDICTION

Plaintiff is suing Defendants JPMorgan Chase Bank, N.A.; SM Global Company LLC; and "DOES 1-10," the alleged owners and operators of SM Global Company, over an alleged fraud in

---

[1] Dkt. No. 31.
[2] Dkt. No. 34.
[3] Dkt. No. 1.
[4] *See* Dkt. No. 17.
[5] *See* Dkt. No. 21.
[6] Dkt. No. 34.
[7] Dkt. No. 33.
[8] Dkt. No. 31.

which the latter two Defendants, having a bank account in McAllen, Texas registered with Defendant Chase Bank, misled Plaintiff into transmitting money to Defendants believing that Plaintiff was doing business with a longtime supplier.[9] The Court ordered Plaintiff to clarify jurisdiction.[10] With respect to Defendant Chase Bank, "a national bank, for [28 U.S.C.] § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."[11] Defendant Chase Bank's articles of association establish that its main office is in Ohio.[12] Defendant Chase Bank admits that it is a citizen of Ohio.[13] With respect to Defendant SM Global Company LLC, "the citizenship of a LLC is determined by the citizenship of all of its members."[14] There is only one member of SM Global Company, Sandra Martinez, and she and the company are located in Texas.[15] Defendants DOES 1–10 have an unknown citizenship and may not exist.

With respect to personal jurisdiction, this Court has personal jurisdiction over Defendant Chase Bank because Defendant has answered Plaintiff's second amended complaint[16] and not asserted any defense for lack of personal jurisdiction.[17] Plaintiff asserts that this Court has general jurisdiction over Defendant SM Global Company LLC because Defendant "is a resident" of Texas.[18] "The residency of a defendant in the forum state routinely creates such systematic and continuous contact" to furnish general jurisdiction over that defendant to courts in the same state.[19]

---

[9] Dkt. No. 20 at 2–4, ¶¶ 5–16.
[10] Dkt. No. 33.
[11] *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).
[12] *Articles of Incorporation for JPMorgan Chase Bank, N.A.* (Sept. 10, 2004), https://www.sec.gov/Archives/edgar/data/1062336/000119312504207055/dex991.htm.
[13] Dkt. No. 29 at 1, ¶ 2.
[14] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[15] Dkt. No. 34-1.
[16] Dkt. No. 29.
[17] *See* FED. R. CIV. P. 12(h)(1).
[18] Dkt. No. 34 at 3, § III.A.
[19] *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003).

Here, Plaintiff shows that Defendant SM Global Company LLC formed in Texas, its only managing member resides in Texas, and it has a company mailing address in Texas.[20] If courts sitting in Texas do not have general jurisdiction over SM Global Company, it is difficult to perceive what courts would possess general jurisdiction. The Court therefore agrees with Plaintiff that Defendant SM Global Company is a citizen of Texas for jurisdictional purposes, and this Court has general jurisdiction over this Defendant.

Lastly, the amount in controversy is $664,285.92.[21] This is the amount for which Plaintiff sues.[22] The Court therefore has jurisdiction over this case under 28 U.S.C. § 1332.

## II. DEFAULT

With jurisdiction established, the Court turns to Plaintiff's motion for entry of default. Plaintiff asserts that it served Defendant SM Global Company LLC at its registered agent address and business address, but Defendant has failed to respond under the Federal Rules of Civil Procedure, so Plaintiff is entitled to an entry of default against this Defendant.[23]

> Because it is important to keep straight default language, a review of the terms regarding defaults is appropriate. A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.[24]

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

---

[20] Dkt. No. 34-1 at 4–5.
[21] Dkt. No. 20 at 3, ¶ 11.
[22] *Id.* at 7, ¶ 35.
[23] Dkt. No. 31 at 1–2.
[24] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citation omitted).

affidavit or otherwise, the clerk must enter the party's default."[25] A party has twenty-one days after being served to answer or otherwise respond to a plaintiff's complaint.[26]

Defendant has a registered agent address—the same address as its managing member—and a business mailing address.[27] Plaintiff served both addresses by February 3, 2022.[28] However, at the time of Plaintiff's motion and to date, Defendant SM Global Company LLC has failed to respond to Plaintiff's complaint. In light of Defendant's unresponsiveness, the Court agrees that the clerk's entry of default is proper under Rule 55(a). Accordingly, the Court **ORDERS** the Clerk of the Court to enter the clerk's default against Defendant SM Global Company LLC only.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of March 2022.

_____
Micaela Alvarez
United States District Judge

---

[25] Fed. R. Civ. P. 55(a).
[26] Fed. R. Civ. P. 12(a).
[27] Dkt. No. 34-1 at 4–5.
[28] Dkt. No. 30.