United States District Court
Southern District of Texas
**ENTERED**
April 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ÖZDURAK TEKSTIL SANAYI VE TICARET AS, § § § Plaintiff, § § VS. § § JPMORGAN CHASE BANK, N.A.; SM § GLOBAL COMPANY LLC; and DOES 1– § 10, § § Defendants. § | CIVIL ACTION NO. 7:21-cv-00453 |

## OPINION AND ORDER

The Court now considers "Plaintiff's Request for Entry of Default Judgment Against SM Global Company LLC, and Alternatively, Motion for Default Judgment Against SM Global Company LLC and Unopposed Motion for Declaratory Judgment."[1] Defendant SM Global Company LLC is in default,[2] so Plaintiff's motion is unopposed by that Defendant,[3] and unopposed by Defendant JPMorgan Chase Bank, N.A.[4] After considering the motion, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion and **AWARDS** judgment in favor of Plaintiff and against SM Global Company LLC.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a fraud case. Plaintiff Özdurak Tekstil Sanayi Ve Ticaret AS is a Turkish company that imports and exports cotton material and cotton products.[5] Plaintiff commonly does business

---

[1] Dkt. No. 40.
[2] Dkt. No. 36.
[3] *See* LR7.4.
[4] Dkt. No. 40 at 10.
[5] *Id.* at 12, ¶ 3.

with Dutch company Viterra BV, which supplies Plaintiff with American cotton.[6] In early 2021, some (probably shady) actor transmitted e-mails to Plaintiff that appeared to come from Viterra, requesting $664,285.92 be wired to a specified account at a Chase Bank branch in McAllen, Texas, purportedly to pay for Plaintiff's cotton order.[7] Plaintiff wired the funds, but promptly learned that Viterra did not request $664,285.92 and Plaintiff had evidently been defrauded.[8] Plaintiff subsequently filed this suit,[9] and presently alleges that all of the funds remain in the Chase Bank account, but Defendant JPMorgan Chase Bank, N.A. cannot release any funds to Plaintiff without a court order.[10] Plaintiff alleges that Defendant SM Global Company LLC was the actor behind the e-mails that fraudulently induced Plaintiff to transmit the funds, with Plaintiff believing it was paying Viterra.[11]

After achieving the clerk's entry of default against Defendant SM Global Company LLC,[12] because that Defendant failed to timely respond to Plaintiff's complaint,[13] Plaintiff now seeks entry of default judgment against only that Defendant.[14] The Court turns to the analysis.

## II. DISCUSSION

### a. Legal Standard

Obtaining a default judgment is a three-step process: "(1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment."[15] Once entry of default

---

[6] *Id.*
[7] *Id.* at 13, ¶ 6.
[8] *Id.* ¶¶ 8–9.
[9] Dkt. No. 1.
[10] Dkt. No. 20 at 4, ¶¶ 15–16.
[11] *Id.* at 5, ¶¶ 21–22.
[12] Dkt. No. 36.
[13] *See* Dkt. No. 35.
[14] Dkt. No. 40.
[15] *Bieler v. HP Debt Exch., LLC*, No. 3:13-CV-01609, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996)).

is made, "plaintiff may apply for a judgment based on such default. This is a *default judgment*."[16] Defendant SM Global Company has defaulted by failing to answer or otherwise appear in this case and the clerk has already entered default against them.[17] The only remaining question is whether the third step, entry of default judgment, is appropriate.

Federal Rule of Civil Procedure 55(b)(2) authorizes entry of default judgment with court approval, which is not lightly granted. Default judgments are a disfavored and drastic remedy, resorted to only in extreme situations such as an unresponsive party.[18] The Court will not grant default judgment automatically or as a matter of right, even if a defendant is in default.[19] Whether to grant default judgment is left to the sound discretion of the district court.[20] Adjudicating the propriety of default judgment is itself a three-step process.

First, the Court must determine whether the plaintiff's claims are well-pled and substantively meritorious.[21] After all, a defendant's failure to answer or otherwise defend does not mean the particular legal claims levied are valid and merit judgment against the defendant.[22] When analyzing the merits of claims, the Court may assume the truth of all well-pled allegations in the plaintiff's complaint because all defaulting defendants functionally admit well-pled allegations of fact.[23] But the Court will not hold the defendants to admit facts that are not well-pled or to admit conclusions of law.[24]

---

[16] *N.Y. Life Ins. Co.*, 84 F.3d at 141.
[17] Dkt. No. 36.
[18] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[19] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).
[20] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).
[21] *See Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015).
[22] *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[23] *Id.*; *see Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.").
[24] *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Second, if the plaintiff states a well-pled claim for relief, the Court examines six factors to determine whether to grant default judgment:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.[25]

Third, if the plaintiff's claims are meritorious and default judgment appears appropriate, the Court must determine whether the requested relief is proper. Specifically, default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[26] The Court will determine how to calculate damages. The general rule is "unliquidated damages normally are not awarded without an evidentiary hearing" but the exception is when "the amount claimed is a liquidated sum or one capable of mathematical calculation."[27] When this exception applies, there is no need for an evidentiary hearing and the Court can enter default judgment on the papers.

**b. Analysis**

*1. Whether Plaintiff's Claim is Substantively Meritorious*

All of Plaintiff's claims seek the same recovery: "Plaintiff's claim is for a sum certain of $664,285.92."[28] The Court applies Texas law.[29] With respect to Plaintiff's claim for unjust enrichment, "[u]njust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. A

---

[25] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[26] FED. R. CIV. P. 54(c); *see also Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018) (holding that rendering relief in a default judgment differs from other kinds of judgment).
[27] *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).
[28] Dkt. No. 40 at 1.
[29] *See* Dkt. No. 35 at 2–3; *Maryland Cas. Co. v. Williams*, 377 F.2d 389, 392 (5th Cir. 1967) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage."[30]

Plaintiff alleges that Defendant SM Global Company LLC and its operators instigated a fraudulent and criminal scheme to impersonate Plaintiff's vendor Vittera BV and induce Plaintiff to wire $664,285.92 to McAllen Chase Bank account ending 3179[31] under the false pretense that Plaintiff was paying for a properly invoiced cotton purchase, whereas the real Viterra BV is unconnected with the McAllen Chase Bank account and unconnected with the transaction.[32] Plaintiff alleges that SM Global Company "appears to be a shell," is not affiliated with Viterra, and has no right to the wired funds.[33]

The Court finds that Plaintiff's well-pled allegations are substantively meritorious and establish Plaintiff's claim for unjust enrichment against SM Global Company with respect to the $664,285.92 wire. The Court turns to whether default judgment is proper.

### 2. *Whether Default Judgment is Proper*

The Court has established that there are no apparent lingering issues of material fact or questions as to whether the grounds for default are clearly established. Plaintiff properly served SM Global Company at both its registered agent address and business address,[34] but Defendant has consistently failed to respond and its nonparticipation does not appear to be caused by any good faith mistake or excusable neflect. Accordingly, the Court finds that there is no undue harshness of a default judgment, no undue prejudice to Defendants, and that the Court would not think itself obliged to set aside a default judgment upon either Defendants' appearance or motion.[35]

---

[30] *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied) (citation omitted).
[31] See sealed attachment for full account number.
[32] Dkt. No. 20 at 3–4, ¶¶ 8–13.
[33] *Id.* at 5, ¶ 21.
[34] *See* Dkt. No. 35 at 4 (holding service was proper).
[35] *See supra* note 25.

The Court holds that entry of default judgment is proper. The Court turns finally to the measure of appropriate relief.

### 3. *Appropriate Relief*

Plaintiff prays for,[36] and "seeks only the return of the $664,285.92 and not fees, costs or interest."[37] The Court holds that this amount is the natural, proper, and restitutive amount to which Plaintiff should be entitled for prevailing on Plaintiff's unjust enrichment claim.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment.[38] A separate final judgment will follow.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of April 2022.

_____
Micaela Alvarez
United States District Judge

---

[36] Dkt. No. 20 at 8, ¶ 40.
[37] Dkt. No. 40 at 5.
[38] Dkt. No. 40.